IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ARTHUR JACKSON,

    Plaintiff,

v.                                    CIVIL ACTION NO.: CV514-095

CORRECTIONAL CORPORATION OF
AMERICA; JOSEPH McKERROCHER;
DR. PIERRE FONTAINE; DR. SHARON
LEWIS; FNUK PANZER; and GRADY
PERRY,

    Defendants.

## ORDER

Before the Court are the Order and Report and Recommendation of the Magistrate Judge, (doc. 7), and Plaintiff's subsequently filed "Motion to Request Leave to Amend 42 U.S.C. § 1983 Petition Cause of Action." (Doc. 11.) Defendants Corrections Corporation of America and Grady Perry filed a Response to Plaintiff's Motion. (Doc. 13.) After an independent and *de novo* review of the entire record, the undersigned **OVERRULES** Plaintiff's objections, concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation, as supplemented below, as the Opinion of the Court. The Court **DENIES** Plaintiff's Motion for Leave to Amend.

### BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 on November 17, 2014. (Doc. 1.) After conducting an initial screening as required by 28 U.S.C. § 1915A, the Magistrate Judge issued an Order and Report and Recommendation. (Doc. 7.) The Magistrate Judge recommended that

certain defendants be dismissed from this action and set forth instructions to Plaintiff and the remaining defendants.

Within the allotted time period for objections, Plaintiff filed his Motion to Request Leave to Amend. (Doc. 11.) In this pleading, Plaintiff concurs with the Magistrate Judge's recommendation that the claims against Defendants Corrections Corporation of America, Grady Perry, and Sharon Lewis should be dismissed. However, Plaintiff objects to the recommended dismissal of Defendant Panzer. Plaintiff asserts that Defendant Panzer is the immediate supervisor for Defendants McKerrocher and Fountaine. Plaintiff also contends that Defendant Panzer oversees the daily operation of the medical personnel at Coffee Correctional Facility and "improperly investigated" Plaintiff's grievances. (Doc. 11, p. 2).

DISCUSSION

The Court will assess Plaintiff's instant Motion and his objections to Defendant Panzer's dismissal under the standards applicable to all Motions for Leave to Amend.

"'[T]hough leave to amend is freely given when justice so requires,' a district court may 'deny such leave where there is substantial ground for doing so, such as undue delay . . . and futility of amendment.'" Coquina Investments v. TD Bank, N.A., 760 F.3d 1300, 1320–21 (11th Cir. 2014) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (alteration in original)). "'[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" Dysart v. BankTrust, 516 F. App'x 861, 865 (11th Cir. 2013) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (alteration in original)).

"A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

Plaintiff's claims that Defendant Panzer supervises Defendants McKerrocher and Fountaine and oversees the daily operations of medical personnel fail to set forth a sufficient basis of liability under 42 U.S.C. § 1983. Instead, these allegations against Defendant Panzer are conclusory. Additionally, Plaintiff's contentions against Defendant Panzer reveal that Plaintiff seeks to hold Defendant Panzer liable based on his supervisory position. Plaintiff fails to set forth any allegations that Defendant Panzer was personally involved in the alleged violation of Plaintiff's rights or that there is a causal connection between Defendant Panzer's conduct and any alleged constitutional violation.

Moreover, Plaintiff's claim that Defendant Panzer did not investigate Plaintiff's grievances in a proper manner is a conclusory statement. Even if this statement was not conclusory, it also does not set forth a basis of liability,. Alleged transgressions involving grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow,

997 F.2d 494, 495 (8th Cir. 1993) (per curiam); see also, Baker v. Rexroad, 159 F. App'x 61 (11th Cir. 2005) (finding that inmates neither have a liberty interest in an investigation based upon their inmate grievance, nor a liberty interest in the inmate grievance system). Further, "[t]here is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999). Accordingly, Plaintiff's assertion that Defendant Panzer improperly investigated his grievances is not cognizable under section 1983.

Consequently, Plaintiff's new allegations against Defendant Panzer fail to state a claim upon which relief may be granted, and his Motion for Leave to add these allegations must be denied for futility.

## CONCLUSION

For the reasons set forth above, Plaintiff's Objections are **overruled**, and Plaintiff's Motion to Request Leave to Amend is **DENIED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the Opinion of the Court. Plaintiff's claims against Defendants Corrections Corporation of America, Georgia Department of Corrections, Lewis, Panzer, and Perry are **DISMISSED**. Plaintiff's Eighth Amendment claims against Defendants McKerrocher and Fountaine remain pending.

**SO ORDERED**, this 11 day of February, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA