# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ARTHUR JACKSON,

    Plaintiff,

v.

NURSE JOSEPH MCKERROCHER; and DR. PIERRE FONTAINE,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-95

## **O R D E R**

This matter comes before the Court on Plaintiff's failure to provide the Court with a proper address for service upon Defendants Nurse Joseph McKerrocher and Dr. Pierre Fontaine, the sole remaining Defendants. For the reasons and in the manner set forth below, the Court **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendants McKerrocher and Fontaine.

### BACKGROUND

Plaintiff filed this action on November 17, 2014, against numerous Defendants contesting the conditions of his confinement at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) On January 13, 2015, the Court conducted the requisite frivolity review of Plaintiff's Complaint. (Doc. 6.) Therein, the Honorable James Graham concluded, among other things, that the Plaintiff stated viable claims against Defendants McKerrocher and Fontaine. Id. Accordingly, Judge Graham ordered the United States Marshal to serve Plaintiff's Complaint on those Defendants. (Id. at pp. 4–5.)

On July 23, 2015, the United States Marshal filed Unexecuted Returns of Service as to both Defendants. (Docs. 20, 21) In his notice filed with this Court on August 17, 2015, Plaintiff provided updated addresses for Defendants so that proper service could be made upon these Defendants. (Doc. 22.) Accordingly, the Court once again ordered service as to McKerrocher and Fontaine at their updated addresses. (Doc. 23.) Nonetheless, on December 16, 2015, the Summonses were again returned unexecuted. (Docs. 24, 25.)

**DISCUSSION**

Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner, proceeding *in forma pauperis* in Section 1983 action, to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (*pro se in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, where an incarcerated plaintiff attempts to obtain a defendant's address for service but is unable to do so, courts can provide additional assistance. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (overturning dismissal for failure to serve where service ineffective at address provide by the attorney general but plaintiff sought to conduct additional discovery); Brooks v. Munoz, No. 10CV0277 JAH(NLS), 2010 WL 2523939, at *1 (S.D. Cal. June 21, 2010) (ordering deputy attorney general assigned to case to provide court with address where defendant could be served).

Here, Plaintiff has not entirely ignored his obligation to provide a current address where Defendants may be served. He has provided addresses where he believed the Defendants may be served, he has searched a state database trying to locate them, and it appears he has attempted to engage in discovery on the issue. (Docs. 18, 22.) Given these extenuating circumstances, the Court **ORDERS** the United States Marshal to make a reasonable effort to locate Defendants Nurse Joseph McKerrocher and Dr. Pierre Fontaine and to personally serve them with the following: the summons in this case, Plaintiff's Complaint, (doc. 1), this Order, and Documents Numbered 7 and 14. Moreover, the Court finds good cause to extend the time period for service to May 31, 2016. Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure [to timely serve the complaint], the court must extend the time for service for an appropriate period."). By that date, the Marshal shall update the Court on his efforts to serve Defendants.

The Court expects that the Marshal's efforts to serve Defendants will include contacting representatives of Corrections Corporations of America, the Georgia Department of Corrections, and/or the Georgia Attorney General's Office to obtain Defendants' last known addresses. Accordingly, the Court **ORDERS** those entities to provide the United States Marshal with Defendants' last known address and any other information they may have regarding Defendants'

whereabouts. Additionally, given the inherent security concerns surrounding these Defendants' personal information, the United States Marshal shall not publicly disclose any information regarding Defendants' residence or location and shall redact any such information from any materials filed on the docket in this case.

## CONCLUSION

For reasons and in the manner set forth above, the Court provides additional assistance to Plaintiff to achieve service in this case. This assistance is an extraordinary remedy employed only due the facts of this case. Such assistance has not been and will not be the regular practice of this Court. Further, Plaintiff is forewarned that he ultimately has the responsibility for serving Defendants, and, if these efforts are unsuccessful, the Court will dismiss this case. See Penton v. Nunez, No. 2:11-CV-0518 GEB KJN, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after unable to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H-08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.").

**SO ORDERED**, this 22nd day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA